Filed 01/30/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-00159

**Kerrie Johnson v. Christopher Winters et al**

## ENTRY REGARDING MOTION

Title: Motion; Motion to Reconsider for Protective Order; Nov. 4, 2025 Entry Order (Motion: 7; 9)
Filer: Kerrie Johnson; David R. Mclean
Filed Date: December 15, 2025; January 04, 2026

The motion is GRANTED IN PART and DENIED IN PART.

Plaintiff Johnson seeks reconsideration of the Court's November 4th order concerning discovery in this matter. This motion comes on the heels of the discovery hearing that Plaintiff did not attend.

As the Court explained in its November 4th Order, the sole issue before the Court is a mandamus issue under Rule 75, to determine whether DCF/DAIL exercised its discretion in finding good cause under 33 V.S.A. § 4921(c)(1) to deny Plaintiff Johnson the requested files.

An action for mandamus is necessarily limited. As the Vermont Supreme Court stated:

> The purpose of mandamus is generally to require a public official or body to perform a simple ministerial duty imposed by law, although it may be available to enforce even discretionary duties "[w]here there appears, in some form, an arbitrary abuse of the power vested by law in an administrative officer ... which amounts to a virtual refusal to act or to perform a duty imposed by law.

*Sagar v. Warren Selectboard*, 170 Vt. 167, 171, 744 A.2d 422, 425 (1999) (quotation omitted).

In other words, the question before the Court in the present matter is strictly limited to whether DCF/DAIL acted within their discretion or in an arbitrary manner. It is not to qualify or second guess the good cause but simply to determine that DCF/DAIL did or did not exercise such discretion. Mandamus is largely a procedural right to ensure that government acts within the guardrails of its authority, and the common remedy to mandamus is to mandate that the government perform the review or analysis that it was originally obligated to perform. *Alger v. Department of Labor & Industry*, 2006 VT 115, ¶ 15.

In this respect, Plaintiff's efforts to broaden the scope of discovery to obtain information on the nature of the documents withheld, any interrogatories that go beyond the mandamus claim (including interrogatories about claims that have been dismissed) are largely outside of the scope of the matter before the court and are not relevant to the claims. V.R.C.P. 26(b)(1).

In the present case, the question for the Court to review is whether DCF/DAIL's decision to deny Plaintiff's request for the redacted investigation files was done with or without good cause. 33 V.S.A. § 4921(c)(1). Discovery in such a case would include: (1) information as to how DCF/DAIL processed the request; (2) who reviewed and made the determination; (3) the nature of the determination process; (4) what considerations went into the determination; and (5) the determination and any contemporary supporting reasoning not otherwise disclosed at the time. While this list is not intended to be exhaustive, it is intended to underscore the limited and procedural nature of the Court's review of the remaining claim before the Court.

As presently framed, Plaintiff's interrogatories and requests to produce largely overshoot this mark and seek: (1) copies of the underlying files that were denied; (2) information concerning claims related to the Office of Child, Youth, and Family Advocate that is not presently before the Court as an active claim; (3) broader trends and details about requests and denials; or (4) material, such as information concerning other investigations, that exceeds the present review of under Rule 75 mandamus of Defendant's denial to Plaintiff's request. While the Court has reviewed the discovery requests, it finds that simply parsing them into allowable and unallowable questions would not adequately address the issue in either Plaintiff's motion or Defendant's motion for a protective order.

Put plainly, Plaintiff is entitled to discovery relevant to her Rule 75 claim. Such discovery should be proportional to the needs of the case. V.R.C.P. 26(b)(1). Plaintiff appears to be painting this as a public records and transparency quest. That may be part of Plaintiff's motivation, but the nature of this review as created by the legislature is far more limited. These are confidential and private documents that the legislature has exempted from general public view. 33 V.S.A. § 4921. While it has given parents the right to obtain this information, it has made that right conditional and subject to the broad discretion of DCF/DAIL. Id. This authority is without right of appeal. Therefore, the nature and scope of the Court's review is limited and tied to the procedural question of whether DCF/DAIL gave sufficient process and consideration to make a good faith determination on its denial.

The Court will give Plaintiff an opportunity to scale her interrogatories to the scope and relevance of the present Rule 75 appeal. Plaintiff shall have 30 days to revise and re-send her discovery requests consistent with this Order.

Plaintiff's motion to reconsider is **Denied** to the extent that Plaintiff seeks to broaden or expand the scope of discovery or redefine the scope of her Rule 75 claim.

Defendant's motion for a protective order is **Granted**. Plaintiff's discovery requests are struck, and Plaintiff may re-file her requests consistent with the scope of her claim as outline in this Order.

**So Ordered.**

Electronically signed on 1/29/2026 7:05 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge